Aroh Stetter, J.
The complaint alleges that for a valuable consideration the defendants, who are the sole heirs of Thomas Funaro, agreed not to sue the plaintiff for failing to obtain insurance on the life of said Thomas Funaro. It further alleges that defendants had one of themselves appointed administrator of Thomas Funaro and as such administrator he instituted an action against plaintiff for damages for failing to procure insurance on the deceased’s life, which action is now pending. Defendants move to dismiss the complaint for failure to state a cause of action, on three grounds: first, that the suit by the administrator is not a breach of the alleged agreement; that the agreement is an executory accord and is unenforcible because not in writing signed by defendants; and lastly, that the damages claimed are not proper items of damage.
The last is not a valid ground. If the facts stated entitle a plaintiff to recover, an improper allegation as to measure or items of his damage does not invalidate his complaint.
The argument on-the first ground is that for the defendants, or either of them, to seek to be appointed administrator for their deceased son, is not illegal nor prohibited by the agreement. That once so appointed, it became the administrator’s duty, on behalf of all distributees of the estate and creditors, to recover on any claim that may be due the estate. As the estate never agreed not to sue, the administrator is not barred. The argument overlooks the allegation, which must be deemed to be true, that the defendants are the sole heirs of the deceased. It cannot be assumed that there are creditors of the estate. The factual situation that remains is that defendants have agreed not to sue. They have breached that agreement and their justification is by way of evasion. The law is not powerless to deal with such a subterfuge.
As to the second objection, it would be a short answer to say that the complaint does not state whether or not the agreement is in writing and it cannot be assumed that it rests in parol. However, plaintiff has taken the position that no writing is required, and so instead of postponing the day of the decision, the question is considered on the merits on the assumption that *388 no writing exists. Defendants rely on section 33-a of the Personal Property Law for the requirement of a writing. This section states that an executory accord is to be given effect provided that the promise is in writing signed by the party sought to be charged or his agent. An agreement not to sue is not an executory accord. The kind of agreement that the statute refers to can be gathered from its wording. It is one where the satisfaction or discharge of the claim is to occur at some time subsequent to the making of the agreement. An agreement not to sue neither satisfies nor discharges the claim. Even if it be argued that the effect is the same, the satisfaction or discharge of the claim would not take place after the maldng of the agreement but as a part of and simultaneous with it.
The motion is denied.